# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| *In re* CHARLES R. WHIPPLE et al., <br><br> Debtors. <br><br> CHARLES R. WHIPPLE et al., <br><br> Appellants, <br><br> vs. <br><br> AUGUST B. LANDIS, U.S. Trustee, <br><br> Appellee. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 3:13-cv-00251-RCJ <br><br> Bk. No. 11-bk-50094 <br><br> **ORDER** |

Debtors Charles and Charlotte Whipple have appealed the Bankruptcy Court's April 3, 2013 order converting their Chapter 11 bankruptcy case to a Chapter 7 case (the "Order") after a hearing that afternoon. Pending before the Court is a Motion to Stay (ECF No. 8). For the reasons given herein, the Court denies the motion.

The bankruptcy judge ordered conversion for three primary reasons given on the record: (1) the bankruptcy judge had ordered certain things to occur prior to the April 3, 2013 hearing, and Debtors had not accomplished at least one of those things (failure to modify their claims of exemption to not include their Qualcomm stock) and had accomplished others not in accordance with the order (failure to obtain written cash-collateral agreements with all secured creditors or failure to turn over $38,470 in tax refunds to the bankruptcy estate or otherwise segregate and

protect the funds for the benefit of unsecured creditors);[1] (2) Debtors had improperly disposed of cash collateral by using rents from certain properties to pay the creditor on another property (which was Debtors' now-vacant previous residence) without permission of the other creditors;[2] and (3) Debtors had hired and paid professionals (two appraisers) without approval of the bankruptcy court.[3] Debtors appealed, arguing that if a stay is not ordered, and if certain lift-stay motions are granted on July 30 and 31, 2013 as to the rental properties, the appeal will be moot, because the purchasers will be bona fide purchasers, and a victory on appeal converting the case back to Chapter 11 will be pointless because there will be no more properties to reorganize.

The standard for a discretionary stay pending appeal under Bankruptcy Rule 8005 or Rule 62(c) is similar to the test for a preliminary injunction under Rule 65; it requires showings that: (1) appellant is likely to succeed on the merits; (2) irreparable harm will occur absent a stay; (3) appellee will not be substantially harmed by a stay; and (4) the public interest will not be harmed by a stay. *See In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1981).

The Court accepts the argument as to the likelihood of irreparable harm but denies the motion because Appellants are not likely to succeed on the merits. Appellants mainly argue that the case cannot be converted to Chapter 7 under 11 U.S.C. § 1112(f) because they would not otherwise be eligible for relief under Chapter 7 due to their income. But gross income is only

---

[1] Debtors argued that the tax refunds had in fact been put into "debtor-in-possession" accounts that were to be liquidated amongst the unsecured creditors under the plan.

[2] Debtors argued that over half of the rents at issue had in fact come from the latter property, but even if true, that would not excuse the use of the remainder of the rents against the debt on the latter property. Counsel was also unable to point to any evidence of alleged stipulations with the creditors on the other properties to forbear payments, which would still not excuse the use of rents from those properties to pay the creditor of another property.

[3] Debtors argued that the appraisers were hired pre-petition. Debtors admitted that a post-petition payment would still have been improper but were not sure whether they had been paid post-petition. The Trustee then pointed out to the court that the evidence in the docket indicated that at least three appraisals had been made post-petition.

one side of the balance sheet.  Appellants do not argue that their *net* worth is too great for them to qualify for Chapter 7 relief.  "Large amounts of money have accumulated in the respective accounts since the filing of this case" probably only because Appellants' creditors are prevented by the automatic stay from pursuing debt owed to them.  This does not prove solvency.  The Court cannot say with certainty that Appellants are eligible for Chapter 7, but for the purposes of the present motion Appellants have not carried their burden to show a likelihood of success on this point, having only argued that their income is too great, but not having provided evidence of their income and their debts.  And the bankruptcy court is permitted to convert a case to Chapter 7 for, *inter alia*, "unauthorized use of cash collateral substantially harmful to 1 or more creditors" or "failure to comply with an order of the court." *Id.* at § 1112(b)(4)(D), (E).  The bankruptcy court made specific findings of such violations on the record at the April 3, 2013 hearing, i.e., the use of rent from one property to pay the mortgage on another while the mortgagee of the first property received nothing therefrom and failure to amend claims of exemption as ordered. Appellants provide no evidence indicating a likelihood of being able to show those findings were erroneous.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated this 21st day of August, 2013.

_____
ROBERT C. JONES
United States District Judge